**STATE of Alaska, Petitioner,**

v.

**Robert S. THOMPSON, Respondent.**

**No. A–3248.**

Court of Appeals of Alaska.

Dec. 22, 1989.

Elizabeth H. Sheley, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for petitioner.

William F. Dewey, Asst. Public Advocate and Brant McGee, Public Advocate, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Robert S. Thompson has been indicted on charges of sexual abuse of a minor in the first degree, an unclassified felony. AS 11.41.434. In a hearing for setting bail for Thompson, Superior Court Judge Victor Carlson ordered that Thompson could be released on an unsecured appearance bond in the amount of $20,000. In addition, Judge Carlson placed several restrictions on Thompson's release. The state petitioned for review, arguing that Judge Carlson did not have authority to release Thompson on an unsecured appearance bond. The state contends that AS 12.30.-020 forbids a judge from releasing a person accused of an unclassified felony or a class A felony on an unsecured appearance bond. We concluded that an interpretation by this court of AS 12.30.020 might alleviate some possible confusion in the interpretation of the statute. We accordingly have granted

the petition for review and affirm the decision of the trial court.

■ Alaska Statute 12.30.020 (emphasis added) provides in pertinent part:

(a) A person charged with an offense shall, at that person's first appearance before a judicial officer, be ordered released pending trial on the person's personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer *unless the offense is an unclassified felony or class A felony or unless the officer determines that the release of the person will not reasonably assure the appearance of the person as required, or will pose a danger to other persons and the community....*

(b) If a judicial officer determines under (a) of this section that the release of a person will not reasonably assure the appearance of the person, or will pose a danger to other persons and the community, the judicial officer may

(1) place the person in the custody of a designated person or organization agreeing to supervise the person;

(2) place restrictions on the travel, association, or place of abode of the person during the period of release;

(3) require the person to return to custody after daylight hours on designated conditions;

(4) require the execution of an appearance bond in a specified amount and the deposit in the registry of the court, in cash or other security, a sum not to exceed 10 per cent of the amount of the bond; the deposit to be returned upon the performance of the condition of release;

(5) require the execution of a bail bond with sufficient solvent sureties or the deposit of cash; or

(6) impose any other condition considered reasonably necessary to assure the defendant's appearance as required and the safety of other persons and the community.

The state contends that the emphasized language in the statute means that a judge may not release a person charged with an unclassified or class A felony on an unsecured appearance bond.

■ In interpreting a statute, we first look to the plain language of the statute to determine the intent of the legislature. Alaska Statute 12.30.020(a) directs a judicial officer to release a person charged with an offense on his personal recognizance or upon an unsecured appearance bond "unless the offense is an unclassified felony or class A felony or unless the officer determines that the release of the person will not reasonably assure the appearance of the person as required, or will pose a danger to other persons in the community." The statute does not say that the judicial officer may *not* release a person accused of an unclassified felony on his personal recognizance or upon the execution of an unsecured appearance bond. Alaska Statute 12.30.020 specifies what the judge *shall* do. The statute does not have any direct language indicating that the judicial officer may not release a person charged with an unclassified felony except on certain conditions. The statute appears to indicate that a person who is charged with an unclassified felony or a class A felony is not entitled to a presumption, which persons charged with other offenses have, that he should be released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond. Rather, the statute authorizes the judge to place conditions of release on a person who is accused of an unclassified or class A felony under AS 12.30.020(b). The statute authorizes the judicial officer to impose conditions of release under AS 12.30.020(b) on a person charged with an unclassified or class A felony without finding specifically "that the release of a person will not reasonably assure the appearance of the person, or will pose a danger to other persons and the community...."

We accordingly conclude that Judge Carlson had the authority to release Thompson on an unsecured appearance bond. We affirm the order of the superior

court.[1]

AFFIRMED.

---

**1.** We note that Judge Carlson imposed several restrictions on Thompson's release under the authority of AS 12.30.020(b). The state has not argued that Judge Carlson abused his discretion in imposing the specific conditions of release in this case; rather the state has contended that Judge Carlson had no authority to release Thompson on an unsecured appearance bond, no matter how severe the restrictions on his release.